UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JOHNSON, #191831,

        Petitioner,

v.                                         CASE NO. 08-13435
                                          HONORABLE ANNA DIGGS TAYLOR

M. BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S MOTIONS FOR APPOINTMENT
OF COUNSEL AND A TEMPORARY RESTRAINING ORDER,
(2) DISMISSING THE HABEAS CORPUS PETITION,
(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
(4) DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Background**

This matter is pending before the Court on petitioner Arthur Johnson's *pro se* application for the writ of habeas corpus, motion for appointment of counsel, and motion for a temporary restraining order. Petitioner alleges that, on March 13, 2008, a Wayne County Circuit Court jury found him guilty of first-degree home invasion. On April 4, 2008, the trial court sentenced Petitioner to imprisonment for six to fifteen years. Instead of appealing his conviction, Petitioner filed a state complaint for the writ of habeas corpus in the trial court. The trial court apparently refused to address the merits of Petitioner's claims and told him that he could file an appeal.

Petitioner then filed a complaint for the writ of habeas corpus in the Michigan Court of Appeals. The state court of appeals dismissed the complaint because Petitioner owed the court $249 for a prior civil case. *See Johnson v. Dep't of Corr.*, No. 284762 (Mich. Ct. App. July 10, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which

returned his papers on July 22, 2008, because he owed the supreme court $250 for a prior appeal in a civil matter.

Petitioner filed his habeas petition on August 8, 2008.[1] He alleges that he is being detained in violation of the Fourteenth Amendment to the United States Constitution. The issues are:

> I. Whether Michigan Court(s) denied Petitioner access to courts and applied M.C.L. 600.2963(8) in an unconstitutional sense by [re]fusing to allow him relief of his dismissed habeas corpus.
>
> II. Whether trial court's admittedly plain error in jury instructions denied Mr. Johnson due process and rendered his trial unfair was/is basis for habeas corpus.

The motion for appointment of counsel alleges that Petitioner is unable to retain counsel. The motion for a temporary restraining order seeks an order either transferring Petitioner to the Wayne County Jail or requiring Respondent to cease collecting debts from Petitioner until the conclusion of this case.

**II. Discussion**

The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State."

---

[1] The petition was signed on July 31, 2008, but filed by the Clerk of Court on August 8, 2008.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

In Michigan, the remedy for seeking direct review of a state conviction is to file a claim of appeal or an application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.203(A) and (B). If the defendant is unsuccessful in the Michigan Court of Appeals, he may file an application for leave to appeal in the Michigan Supreme Court. Mich. Ct. R. 7.302.

Petitioner filed a civil complaint for the writ of habeas corpus in the trial court and in the Michigan Court of Appeals instead of pursuing an appeal from his conviction. The statute governing civil complaints for the writ of habeas corpus generally "prohibits habeas corpus relief to '[p]ersons convicted, or in execution, upon legal process, civil or criminal.'" *Moses v. Dep't of Corr.*, 274 Mich. App. 481, 485-486; 736 N.W.2d 269, 273 (2007) (quoting Mich. Comp. Laws § 600.4310(3)). "This statutory prohibition is generally consonant with often repeated judicial declarations that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction." *People v. Price*, 23 Mich. App. 663, 669; 179 N.W.2d 177, 180 (1970) (footnotes omitted); *see also Moses*, 274 Mich. App. at 486; 736 N.W.2d at 273.[2]

Petitioner has failed to avail himself of the State's established appellate review process. Furthermore, he still has an available state remedy to exhaust. Although he appears to have missed the deadline for filing an appeal of right, *see* Mich. Ct. R. 7.204(A)(2), an application for leave to appeal may be filed up to twelve months from the entry of the final judgment in a criminal case. Mich. Ct. R. 7.205(F)(3). Because that remedy remains open to Petitioner, the

---

[2] An exception, not relevant here, exists "where the convicting court was without jurisdiction to try the defendant for the crime in question." *Price*, 23 Mich. App. at 670; 179 N.W.2d at 180.

habeas corpus petition [Dkt. 1] is **DISMISSED** without prejudice for failure to exhaust state remedies. Petitioner's motion for appointment of counsel [Dkt. 6] and motion for a temporary restraining order [Dkt. 7] are **DENIED** as moot.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appeal from this decision would be frivolous and could not be taken in good faith. Therefore, leave to proceed *in forma pauperis* on appeal also is **DENIED**. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).


DATED: September 17, 2008                             s/Anna Diggs Taylor
                                                      ANNA DIGGS TAYLOR
                                                      UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Petitioner by First Class U.S. mail on September 17, 2008.

Arthur Johnson, #191831
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

                                                      s/Johnetta M. Curry-Williams
                                                      Case Manager